IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **CORINTHIAN MARBLE & GRANITE, INC.,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | : | NO. 12-cv-3744 |
| v. | : | |
| | : | |
| **T.D. BANK, N.A.** | : | |
| | : | |
| Defendant. | : | |

_____

**DuBois, J.**                                                                                                   **January 23, 2013**

## **M E M O R A N D U M**

### I.      INTRODUCTION

Corinthian Marble & Granite, Inc. filed a lawsuit against TD Bank, N.A. and Melissa C. Boyd in the Pennsylvania Court of Common Pleas. After the state court dismissed all claims against Boyd, the only non-diverse defendant, TD Bank removed to this Court. Corinthian now moves to remand the case back to state court because the removal occurred one year after the case commenced, in violation of 28 U.S.C. § 1446. For the reasons set forth below, the Court grants the motion.

### II.      BACKGROUND

       A.      <u>Factual Background</u>

Corinthian claims that five individuals – labeled in the Second Amended Complaint as the "Perpetrators" – "plotted a coup" to take over Corinthian. (Resp. Ex. A, Second Am. Compl., at ¶¶ 4.) Specifically, it asserts that they closed Corinthian's account at TD Bank, reopened a new bank account in Corinthian's name, and raided the company's assets. (<u>Id.</u> at ¶¶ 8, 34-37.)

Corinthian sued TD Bank and its employee, Melissa Boyd, on numerous grounds for permitting these transactions. Currently, all that remains for adjudication is a breach of contract claim against TD Bank.

B.    Procedural History

On March 28, 2011, the original plaintiff in this case, Anastasios Papadopoulos, filed a Praecipe to Issue Writ of Summons in the Pennsylvania Court of Common Pleas. (Notice of Removal, Ex. C.)[1] The Praecipe named as defendants TD Bank, Boyd, and "additional defendants." (Id.) Additionally, the caption stated that the plaintiff was "Anastasios Papadopoulos & on behalf of Corinthian Marble & Granite, Inc. (Shareholder Derivative Suit)." (Id.)

Little occurred in the case for three months, at which point the state court directed Papadopoulos to file a complaint. (Resp. Ex. N.) Papadopoulos did so, and after defendants filed Preliminary Objections, he filed an Amended Complaint. (Resp. Ex. O, June 7, 2012 Civil Docket Report, at 8-9). TD Bank and Boyd responded by filing Preliminary Objections once again. (Id. at 10.)

The state court sustained the objections, reasoning that Papadopoulos failed to meet the requirements of Pa. R. Civ. P. 1506, which requires plaintiffs who bring a derivative action to set forth in their complaint "the efforts made to secure enforcement by the corporation . . . or the reason for not making such efforts. . . ." (Resp. Ex. M, at 1, 3.) The state court dismissed the Amended Complaint, but gave Papadopoulos leave to file a second amended complaint. (Id. at 1.) That court also noted that if the allegations in the Amended Complaint were true – that

---

[1] Exhibit C to the Notice of Removal contains the entire state court record.

Papadopoulos is the sole stockholder of Corinthian and may also be its sole director – Papadopoulos would have authority to either elect directors to commence an action in Corinthian's name, or commence such an action himself under his own authority as director. (Id. at 4.)

In response, Papadopoulos neither filed a new action in Corinthian's name nor maintained his derivative suit. Rather, on January 26, 2012, a Second Amended Complaint was filed, this time, with Corinthian itself as the plaintiff. (Resp. Ex. A.) In this version of the complaint, only TD Bank and Boyd were named as defendants, and they once again filed Preliminary Objections. (Id.; Resp. Ex. B.)

The state court sustained in part and overruled in part their objections. (Resp. Ex. B, at 1.) All claims against Boyd were dismissed, and the state court dismissed her as a defendant. (Id. at 1-2.) All claims against TD Bank were dismissed except for the breach of contract claim in Count I of the Second Amended Complaint. (Id. at 1.)

With Boyd dismissed, there was complete diversity of citizenship. As a result, TD Bank removed to this Court on July 3, 2012 – over a year after Papadopoulos filed his Praecipe to Issue Writ of Summons but less than six months after the Second Amended Complaint with Corinthian as the plaintiff was filed.

Corinthian now moves to remand the case back to state court on the ground that the removal occurred one year after the case commenced, in violation of 28 U.S.C. § 1446.

### III.  LEGAL STANDARD

In a motion to remand, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29

(3d Cir. 1985). "The party seeking removal has the burden of showing that federal subject-matter jurisdiction exists, that filing of the notice of removal was timely, and that removal is proper." Mountain Ridge State Bank v. Investor Funding Corp., 763 F. Supp. 1282, 1288 (D.N.J. 1991) (superseded by statute on other grounds). A case may be remanded to state court on the ground of a defect in the removal procedure. 28 U.S.C. § 1447(c). Failure to file a notice of removal within the limitations periods of § 1446 is cause for remand. Capone v. Harris Corp., 694 F. Supp. 111, 112 (E.D. Pa. 1988); Namey v. Malcolm, 534 F. Supp. 2d 494 (M.D. Pa. 2008).

The parties refer to the new version of § 1446, which the President signed into law on December 7, 2011. See Advanced Surgery Ctr. v. Conn. Gen. Life Ins. Co., No. 12-2715, 2012 WL 3598815, at *3 n.2 (D.N.J. July 21, 2012). However, the new version of the statute only apples to cases which were commenced after January 6, 2012. See id.; Pub. L. No. 112–63, § 205, 125 Stat. 758, § 205. Because the Court concludes below that this case was commenced on March 28, 2011, the Court will apply the prior version of § 1446, which reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (amended December 7, 2011).

Applying the older version of the statute does not affect the Court's decision. The only relevant change is that the new version provides that the one-year limitation on removing cases does not apply if the "the plaintiff has acted in bad faith." 28 U.S.C. § 1446(c)(1) (current version). This exception to the one-year limitations period was added because some courts had "viewed the 1-year time limit as 'jurisdictional' and therefore an absolute limit on the district court's jurisdiction [while other courts had] viewed the period as 'procedural' and therefore subject to equitable tolling." H.R. REP. NO. 112-10, at 15; see also Sanchez v. Am. Motorists Ins. Co., No. 12-cv-31, 2012 WL 2122194, at *1 (S.D. Tex. June 11, 2012) ("This one-year repose provision has since been amended to include statutorily a version of the [equitable] exception.").

The Third Circuit has previously ruled that the one-year limit is procedural, not jurisdictional. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003). Therefore, the Court will consider equitable exceptions to the limitations period even though the older version of the statute does not itself contain the "bad faith" exception that is present in the current version.

## IV.   DISCUSSION

Section 1446(b) provides the procedures for removing cases to federal court: If a case is initially removable, a defendant has thirty days to remove after receiving the initial pleading.[2] If a case is not initially removable, the defendant has thirty days to remove from the time it may

---

[2] From now on, the Court refers to the version of § 1446 in effect for cases which commenced before January 6, 2012, as discussed above.

first be ascertained that the case is one which is or has become removable. However, in no event can such a removal occur more than one year after the commencement of the action.

Corinthian asserts that TD Bank's removal was untimely because it occurred outside the one-year limitations period. TD Bank counters that it removed within the one-year time period and that even if it removed outside the one-year limit, the Court should apply an equitable exception to the limitations period. The Court addresses the arguments in turn.

    A.    <u>Whether TD Bank Removed Within the One-Year Limit</u>

Pursuant to § 1446(b), a case that was not initially removable cannot be removed "more than 1 year after commencement of the action." Corinthian asserts that TD Bank's removal was untimely because the case commenced when Papadopoulos filed the Praecipe to Issue Writ of Summons, over a year before TD Bank removed to federal court. TD Bank does not dispute that under ordinary circumstances, such a praecipe commences a lawsuit. Rather, TD Bank argues that the filing of the Second Amended Complaint – which occurred less than six months before the case was removed – commenced a new lawsuit because it was the first time that Corinthian (as opposed to Papadopoulos) asserted a claim against TD Bank. Specifically, TD Bank argues that the Second Amended Complaint (a) violated the Pennsylvania Rules of Civil Procedure (b) states that Papadopoulos does not have authority to sue as Corinthian, and (c) alleges itself that Corinthian is instituting an action in its own name. The Court rejects these arguments and concludes that the filing of the Second Amended Complaint did not commence a new action for the purposes of § 1446(b).

        (a)    <u>Violations of the Pennsylvania Rules of Civil Procedure</u>

TD Bank asserts that "instead of instituting a new action or seeking leave to add a new

6

party plaintiff as required by Pennsylvania's Rules of Civil Procedure, Papadopoulos caused the filing of the Second Amended Complaint that unilaterally added a new party plaintiff (Corinthian) and unilaterally converted his 'shareholder derivative' action into a new direct action by a corporation (Corinthian). . . ." (Resp. at 8.) TD Bank argues that, even though the state court permitted these changes in the Second Amended Complaint, because the proper procedures were not followed, the action was commenced by the filing of the Second Amended Complaint. The Court rejects that argument.

It is irrelevant whether the proper or improper procedural route was taken to substitute a new plaintiff. Adding new parties does not restart the one-year time period. See In re Pikeville Sch. Bus Collision Cases, Nos. 11-158 and 11-159, 2011 WL 6752564, at *5 (E.D. Ky. 2011) (collecting cases). Thus, if the changes were proper, the one-year period did not begin to run from the filing of the Second Amended Complaint. If the changes were improper, then the Second Amended Complaint did not effectively change the plaintiff. Under that circumstance, the date of the filing of the Praecipe to Issue Writ of Summons would still be the benchmark. Thus, the change in plaintiffs is not a basis for starting the one-year time period from the filing of the Second Amended Complaint.

It is also irrelevant whether or not the proper procedures were followed to convert the case from a derivative suit to an action brought directly by Corinthian. Some courts have concluded that the thirty-day time limit for removing cases is reset or "revived" if "the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day." See Johnson v. Heublein Inc., 227 F.3d 236, 241-43 (5th Cir. 2000) (internal quotations omitted); Wilson v. Intercollegiate (Big Ten) Conference A. A., 668 F.2d

962, 965 (7th Cir. 1982) (internal quotations omitted). However, even if the Court were to conclude that the one-year limitation can also be "revived," the application of the rule is not warranted in this case. In Johnson, the Fifth Circuit held that an amended complaint revived the thirty-day period in part because "the allegations contained in the amended complaint bear no resemblance whatsoever to the allegations of the original complaint." 227 F.3d at 242 (internal alterations omitted). On the other hand, in this case, the allegations in the Second Amended Complaint are essentially identical to the allegations made in the First Amended Complaint. Accordingly, the Second Amended Complaint did not fundamentally change the nature of the action so as to constitute "substantially a new suit begun that day."

Thus, just as it is irrelevant whether the proper procedures were followed to substitute a new plaintiff, whether the case was properly converted from a derivative suit to a direct suit is similarly irrelevant. If the nature of the action were changed properly, the one-year time period would not be "revived" because the change would not be so fundamental as to constitute "substantially a new suit begun that day." If the change were improper, the Second Amended Complaint would not effectively modify the nature of the suit. In either case, the action commenced on the date of the filing of the Praecipe to Issue Writ of Summons. Thus, the change in the nature of the suit is not a basis for starting the one-year time period from the filing of the Second Amended Complaint.

   (b)  <u>Papadopoulos's Authority to Sue in Corinthian's Name</u>

Second, TD Bank argues that although Papadopoulos "caused a Second Amended Complaint to be filed" in Corinthian's name, he does not have authority to sue as Corinthian. (Resp. at 6, 12.) TD Bank points to the Second Amended Complaint which states, "Anastasios

8

Papadopoulos and Corinthian Marble will be filling a Declaratory Action to determine the shareholders, directors, and officers of Corinthian Marble and to squelch going forth. In addition, Plaintiff Corinthian Marble will be filing a Motion to Stay the current action until resolution of the Declaratory Action." (Resp. Ex. A, Second Am. Compl., at ¶ 12 n.2.) TD Bank asserts that this is relevant because it shows that "Papadopoulos knew that he improperly was trying to change the named plaintiff from himself to Corinthian and change the nature of the action from a shareholder derivative claim to a direct claim." (Resp. at 12.)

The Court already ruled above that the alleged procedural improprieties in the Second Amended Complaint are irrelevant in determining when the action commenced. Whether Papadopoulos and Corinthian knew that the Second Amended Complaint was defective is equally irrelevant. Thus, Papadopoulos's alleged lack of authority to sue in Corinthian's name is not grounds for treating the Second Amended Complaint as commencing a new action.

      (c)  <u>Allegation in Second Amended Complaint</u>

Finally, TD Bank claims that the language of the Second Amended Complaint itself supports the position that the filing of that complaint instituted a new action. The Second Amended Complaint states, "Now comes Anastasios Papadopoulos ("Papadopoulos") with the authority to require Corinthian to institute action in its own name as it does herein as Plaintiff." (Resp. Ex. A, Second Am. Compl., at ¶ 3.) The Court rejects this as grounds for treating the Second Amended Complaint as starting a new action.

The one-year period under § 1446(b) begins to run from the "commencement of the action," not from when a party states it is commencing an action. Accordingly, the Court will look to when Pennsylvania law treats an action as having been commenced, not to when the

9

Second Amended Complaint asserts the action commenced.[3] In Pennsylvania, "[a]n action may be commenced by filing with the prothonetary (1) a praecipe for a writ of summons, or (2) a complaint." Pa. R. Civ. P. 1007. Therefore, the Praecipe to Issue Writ of Summons filed on March 28, 2011 commenced the action. See Namey v. Malcolm, 534 F. Supp. 2d 494, 497 (M.D. Pa. 2008) (ruling that filing a Writ of Summons commenced the action).

Thus, the Court concludes that the filing of the Second Amended Complaint did not commence a new action.

(d) Conclusion

The Court concludes that for purposes of § 1446(b), the action commenced on March 28, 2011 upon the filing of the Praecipe to Issue Writ of Summons. TD Bank removed the case to federal court on July 3, 2012, outside the one-year time period. The Court will therefore turn to whether an equitable exception applies that would excuse the otherwise untimely removal.

B. Whether an Equitable Exception Applies

TD Bank argues that even if the removal occurred outside of the one-year time period, an equitable exception applies to excuse its untimeliness. "While § 1446(b) does not explicitly detail any exception to the one year limitation, the Third Circuit has held that the one year limit on removal is a procedural bar, not a jurisdictional one." Various Plaintiffs v. Various Defendants (Oil Field Cases), 673 F. Supp. 2d 358, 364 (E.D. Pa. 2009) (citing Ariel Land

---

[3] Even if the Court were to consider what the Second Amended Complaint itself asserts, it contains language that contradicts the sentence that TD Bank highlights. The caption in the Second Amended Complaint states, "Action Commenced by Writ of Summons on March 19, 2011," though the Court notes that the Praecipe to Issue Writ of Summons was actually filed on March 28, not March 19. (See Resp. Ex. A, Second Am. Compl., at 1-2.) Further, it maintains the same civil action number, and it is titled a "Second Amended Complaint" rather than an initial complaint. (Id.)

10

Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003)). "The practical effect of this holding is to open the door to an examination of equitable considerations in deciding whether to allow exceptions to the one year limitation on removal." Oil Field Cases, 673 F. Supp. 2d at 364.

TD Bank argues that an equitable exception should apply because (a) Papadopoulos and Corinthian "did not vigorously pursue this action" and (b) Boyd was fraudulently joined to defeat diversity. (See Resp. at 13.)

    (a)  Vigorous Pursuit of the Action

TD Bank argues that an equitable exception to § 1446(b) applies because "Papadopoulos and Corinthian have not vigorously pursued this action." (Id.) It points to the state court order three months after the filing of the Praecipe to Issue Writ of Summons which directed Papadopoulos to file a complaint. (Id.; see also Resp. Ex. N.) TD Bank further argues that, in contrast to Papadopoulos and Corinthian's procrastination, "TD Bank has actively opposed the procedural and substantive defects in Papadopoulos' six Complaints over the past three years, and was repeatedly successful at dismissing Papadopoulos' claims." (Resp. at 13.) The Court rejects this argument.

TD Bank relies on Namey v. Malcolm for its assertion that such a delay warrants an equitable exception. 534 F. Supp. 2d 494 (M.D. Pa. 2008). In Namey, the court stated that in the cases permitting an equitable exception to the one-year period under § 1446(b), "the courts found intentional conduct on the part of the plaintiffs to circumvent removal." Id. at 498. The court concluded that no similar conduct had occurred in that case, and that moreover, the defendants had not used all the procedural devices available to them such as "request[ing] the court to order Plaintiffs to file their complaint by a certain date. . . ." Id.

The same is true in this case. There is no evidence that Papadopoulos or Corinthian caused delays for the purpose of forcing removal outside of the one-year time limit. Additionally, like the defendants in Namey, TD Bank could have filed a praecipe requesting the court to order the plaintiff to file a complaint pursuant to Pa. R. Civ. P. 1037(a).

Thus, the Court concludes that the delay in state court is insufficient to warrant an equitable exception.

        (b)        Fraudulent Joinder

TD Bank additionally argues that an equitable exception should apply because Boyd was fraudulently joined. The Court rejects this argument as well.

The leading case on fraudulent joinder in the context of § 1446 is Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003). In Tedford, plaintiff Jaretta Tedford filed a lawsuit against numerous defendants including Dr. Stan Johsnon, who spoiled diversity. Id. at 424. Hours after learning that the defendants intended to remove on fraudulent joinder grounds, Tedford – knowing that the removal would be successful if Johnson were the sole non-diverse defendant – added a second non-diverse defendant, Dr. Robert DeLuca. Id. at 425, 427. Defendants removed, but the district court rejected their fraudulent joinder argument and remanded the case back to state court. Id. at 425. Then, prior to the expiration of the one-year period, "Tedford signed and post-dated a Notice of Nonsuit of Dr. DeLuca . . . but did not file the document with the court or notify [defendants] until after the one-year anniversary of the filing of the complaint." Id. at 427-28. Defendants removed again, ten days after the expiration of the one-year limit. Id. at 425. The court permitted the removal because Tedford "attempted to manipulate the statutory rules for determining federal removal jurisdiction." Id. at 428-29.

12

The Tedford-type of forum manipulation did not occur in this case. In Tedford, the plaintiff specifically manipulated the one-year limitation by adding a non-diverse defendant only moments before removal and keeping that defendant in the case until only moments after the one-year period expired. In this case, Boyd was in the case from the beginning of the lawsuit, and she was dismissed three months after the expiration of the one-year period pursuant to the state court's order. There is no evidence that Papadopoulos or Corinthian manipulated the one-year time period by naming Boyd as a defendant. See Selman v. Pfizer, Inc., No. 11-cv-1400, 2011 WL 6655354, at *5 (D. Or. Dec. 16, 2011) (declining to apply an equitable exception on fraudulent joinder grounds because "there [was] no objective evidence of collusion between Plaintiffs and the Resident Defendants, there [was] no backdating of papers or other obfuscation of the dismissal of nondiverse parties, and there [was] no evidence of any other purposefully dilatory and manipulative tactics."). Thus, the Court concludes that the alleged fraudulent joinder, even if true, does not provide grounds for an equitable exception to the one-year time period.

Moreover, even if Boyd were, in fact, fraudulently joined, TD Bank would face a different hurtle: the thirty-day limitations period under § 1446(b). Due to the fraudulent joinder, the case would have been removable before Boyd was dismissed by the state court. Accordingly, TD would have had thirty days to remove from the point at which it could reasonably conclude that the case was removable. Santos v. Norfolk S. Ry. Co., No. 08-4521, 2008 WL 4694558, at *4 (E.D. Pa. Oct 22, 2008); Kimmet v. Mannesmann Dematic Rapistan Sys. Corp., No. 00-1247, 2000 WL 822513, at *3. (E.D. Pa. June 26, 2000). Thus, even if Boyd were fraudulently joined, TD Bank's removal would still be untimely under the thirty-day

13

limitations period.

### (c) Conclusion

Bearing in mind that "[t]he removal statute should be strictly construed and all doubts should be resolved in favor of remand," the Court concludes that no equitable exception applies. See <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985).  Thus, TD Bank untimely removed one year after the action commenced.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is granted. TD Bank had previously filed a Motion to Dismiss. By agreement of the parties, Corinthian was not required to file a response to that motion until after the Court ruled on the Motion to Remand. (Stipulation, Document No. 13, filed August 21, 2012.) Because the case is remanded, the Court does not rule on the motion to dismiss.

An appropriate order follows.